IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **Edith White,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| **Phoenix III Condo Owners Association,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. The Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

### PARTIES

2. The Plaintiff, Edith White, is over the age of nineteen (19) years, and a resident of Covington, St. Tammany Parish, Louisiana.

3. Defendant, Phoenix III Condo Owners Association is upon information and belief an entity based and doing business in Gulf Shores, Baldwin County, Alabama.

4. At all times hereto, it is believed and therefore averred that Defendant Phoenix III Condo Owners Association owned, controlled, managed, and/or supervised the property and premises located at 24230 Perdido Beach Blvd, Orange Beach, AL 36561.

1

## FACTS

5. On August 22, 2015, the Plaintiff Mrs. White was on vacation with her husband and grandchildren at the Phoenix Condominiums located at 24230 Perdido Beach Blvd, Orange Beach, AL 36561 in Orange Beach, hereinafter referred to as "Phoenix".

6. That day, August 22nd, 2015, Mrs. White took her grandchildren to the indoor pool located in the Phoenix III Condominium Building. After playing in the indoor pool for a period of time, her grandchildren asked permission to get into the hot tub adjacent to the indoor pool. In order to reach the hot tub area, it is necessary to climb six (6) steps.

7. After some time had passed, Mrs. White's grandchildren wished to return to the pool. Mrs. White and her grandchildren exited the hot tub and began walking towards those six steps which lead to the deck by the pool.

8. Once Mrs. White attempted to descend past the first step, Mrs. White slipped thus causing her to fall with tremendous impact on her sacrum.

9. When Mrs. White fell, a member of the custodial staff was present. When she asked for help, he responded, "I just came on duty…I'll see what I can do."

10. As a result of the fall, Mrs. White was diagnosed with a fractured sacrum amongst other ailments related to the fall. Mrs. White fell on the extremely slick surface of the stairs which did not contain non-slip or protective covering. The lack of such non-slip surface covers and the failure of the Defendant to properly maintain the area of the fall were the causes of Mrs. White's fall and her injuries.

## COUNT ONE—NEGLIGENCE

11. Plaintiff realleges, reavers and incorporates by reference paragraphs one through eleven, as if fully set out herein.

12. Phoenix had the duty to exercise ordinary care to keep its premises reasonably safe for all persons who foreseeably might use or enjoy its facilities. The Defendant's duty to use ordinary care applies to any activity or condition on the premises, even if the danger is known or obvious. The Defendant breached its duty when it failed to keep its premises reasonably safe. The Defendant's breach of duty was the cause of Mrs. White's injuries and damage.

13. As a direct or proximate consequence of the negligence or wantonness of the Defendants, Plaintiff was caused to suffer the following injuries and damages:

    (a) she was caused to suffer physical pain and mental anguish;

    (b) she was caused to seek medical treatment and was prevented from going about her normal activities;

    (c) she was permanently injured;

    (d) she was caused to incur medical expenses to treat her injuries; and

    (e) she was caused to be injured and damaged, all to her detriment.

14. Plaintiff avers that the negligent or wanton conduct of the Defendant proximately caused the Plaintiff's injuries as herein above alleged.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, including Fictitious Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by struck jury, plus costs.

## COUNT TWO

### NEGLIGENCE PER SE—Violating Baldwin County Rules Governing the Construction, Equipment, and Operation of Public Swimming Pools and Spas

15. Plaintiff realleges, reavers, and incorporates by reference paragraphs one through fourteen above, as if fully set out herein.

16. Defendant Phoenix, at the time of the fall made the basis of this Complaint, was operating and maintaining the condominium's hot tub for the use of its guests.

17. The conduct by Defendant was violative of the Baldwin County Rules Governing the Construction, Equipment, and Operation of Public Swimming Pools and Spas, hereinafter referred to as "the Rules", Chapter 499-05-01 Section 4.1 (B).

18. The Defendant violated the Rules set out and established by Baldwin County. These rules were put into effect to protect public health and safety. Operators of swimming pools or public bathing places must operate the pool or public bathing place in a sanitary and safe manner. According to the Rules, "*Decks, ramps, and coping and similar step surfaces shall be slip-resistant, easily cleanable, and non-absorbent.*"

29. The Rules define "Decks" as "those areas immediately adjacent to or attached to a pool or spa that are specifically constructed or installed for use by users for sitting, standing, or walking."

20. The Rules were adopted on October 23rd of 2007, effective October 24th of 2007, and revised on October 7th of 2009. The fall in which Mrs. White fractured her sacrum and suffered other injuries and damages occurred after these rules were put into effect and revised.

21. These laws and the rules were enacted to protect a particular class of people, i.e., guests and bathers. Mrs. White is a member of both classes. Mrs. White's injury is of the sort these rules were enacted to prevent.

22. These rules made were intended to regulate operators of public swimming pools or bathing places. The Defendant's violation of this rule is negligence *per se*. The Defendant's negligence caused Mrs. White's injuries and damages.

23. As a direct and proximate cause of the Defendants' conduct in violation of the Rules, Edith White was caused to suffer the following injuries and damages:

    (a) she was caused to suffer physical pain and mental anguish;

    (b) she was caused to seek medical treatment and was prevented from going about her normal activities;

    (c) she was permanently injured;

    (d) she was caused to incur medical expenses to treat her injuries; and

    (e) she was caused to be injured and damaged, all to her detriment.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, including Fictitious Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by struck jury, plus costs.

### COUNT THREE

### CREATING A NUISANCE MENACING PUBLICH HEALTH-- Violating Baldwin County Rules Governing the Construction, Equipment, and Operation of Public Swimming Pools and Spas

24. Plaintiff realleges, reavers and incorporates by reference paragraphs one through twenty-three above, as if fully set out herein.

25. Defendant, at the time of the fall made the basis of this Complaint, was operating the condominium's hot tub for the use of their guests.

26. The conduct by Defendant was violative of the Baldwin County Rules Governing the Construction, Equipment, and Operation of Public Swimming Pools and Spas, hereinafter referred to as "the Rules", Chapter 499-05-01 Section 4.1 (B).

27.     The Defendant violated the Rules enacted by Baldwin County. These rules were put into effect to protect public health and safety. Operators of swimming pools or public bathing places must operate the pool or public bathing place in a sanitary and safe manner. According to the Rules, "*Decks, ramps, and coping and similar step surfaces shall be slip-resisitent, easily cleanable, and non-absorbant.*"

28.     The Rules define "Decks" as "those areas immediately adjacent to or attached to a pool or spa that are specifically constructed or installed for use by users for sitting, standing, or walking."

29.     The Rules also state that any person who knowingly violates or refuses to comply with any provisions of these rules shall be guilty of creating a public nuisance menacing public health and shall be abated in accordance with Section 22-10-1 through 22-10-3, Code of Alabama, 1975.

30.     The Rules were adopted in October 23rd of 2007, effective October 24th of 2007, and revised on October 7th of 2009. The fall in which Mrs. White fractured her sacrum and suffered other injuries and damages occurred after these rules were effected and revised.

31.     As a result of the Defendants' conduct in violation of the Rules, Edith White was caused to suffer the following injuries and damages:

      (a)     she was caused to suffer physical pain and mental anguish;

      (b)     she was caused to seek medical treatment and was prevented from going about her normal activities;

      (c)     she was permanently injured;

      (d)     she was caused to incur medical expenses to treat her injuries; and

      (e)     she was caused to be injured and damaged, all to her detriment.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, including Fictitious Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined by struck jury, plus costs.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows:

a. For a trial by jury and judgment against Defendant Phoenix III Condo Owners Association for such sums as actual and other compensatory damages, including pain and suffering and permanent impairment, in an amount as a jury may determine and in excess of the minimum jurisdictional limit of this Honorable Court;

b. For exemplary and punitive damages against Defendant Phoenix III Condo Owners Association in an amount as a jury may determine shall halt such conduct;

c. For the costs of this suit, including attorney's fees; and

d. For such other and further relief to which they may be entitled and as this Honorable Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

DATED: August 10th, 2017

Respectfully Submitted,

**s/ *Allen E. Sorrell***
Allen E. Sorrell (ASB-1375-C65Z)
Davis L. Middlemas (ASB-2103-E63D)
Attorneys for Plaintiff

Morris Bart & Associates, LLC
Wells Fargo Tower
420 North 20th Street
Suite 2750
Birmingham, AL 35203
(205) 251-6700
dmiddlemas@morrisbart.com
asorrell@morrisbart.com

**PLAINTIFFS' ADDRESS:**
Edith White
C/O Allen E. Sorrell
Morris Bart & Associates, LLC
Wells Fargo Tower
420 North 20th Street
Suite 2750
Birmingham, AL 35203

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**
**Defendant:**

**Tillis M. Brett**
**PO Box U**
**Gulf Shores, AL 36542**

**Tillis M. Brett**
**Hwy 182 E Beach Road**
**Gulf Shores, AL 36542**

**s/ *Allen E. Sorrell***
**OF COUNSEL**